E-FILED
Thursday, 18 August, 2011  04:31:34 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PAMELA S. CULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-CV-1159 |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

# O R D E R  &  O P I N I O N

This is an action challenging the Social Security Administration's adverse determination with respect to Plaintiff's entitlement to benefits. Pending before the Court is Defendant's Motion to Dismiss (Doc. 11).

**PROCEDURAL HISTORY**

Plaintiff was found disabled and entitled to receive Disability Insurance Benefits under Title II of the Social Security Act ("the Act"), beginning January 15, 1998. (Doc. 11-1 at 3). Plaintiff's period of disability ceased in April 2004, because of her work activity. (Doc. 11-1 at 3). Subsequently, the Social Security Administration determined that Plaintiff owed the Agency for overpayment of benefits, and the Agency denied by letter her request to waive her repayment obligation. (Doc. 11-1 at 5).

Plaintiff requested a hearing regarding the denial of her waiver before an Administrative Law Judge ("ALJ"). By letter dated September 17, 2008, the ALJ dismissed Plaintiff's request for a hearing for failure to appear and absence of good cause. (Doc. 11-1 at 7-9). On June 19, 2009, the Appeals Council denied Plaintiff's request for review. (Doc. 11-1 at 11).

Meanwhile, Plaintiff filed subsequent applications for disability and, on October 23, 2008 the ALJ found that Plaintiff was disabled since May 1, 2007. (Doc. 11-1 at 21). Plaintiff amended her alleged onset of disability to May 1, 2007 because of her work activity. (Doc. 19). Plaintiff did not appeal this decision. (Doc. 11-1 at 3).

On May 27, 2010, Plaintiff filed the instant suit claiming that she was entitled to a keep her overpayment from 2004-2005 and, further, that she was entitled to benefits for the period 2005-2008.[1] Due to the nature of these claims, it appears that Plaintiff essentially wishes to contest the ALJ's dismissal of her waiver request.[2] On October 15, 2010, Defendant filed the instant Motion to Dismiss arguing that Plaintiff's claims are time-barred and that she failed to exhaust her administrative remedies.

---

[1] It is not clear why Plaintiff is suing for benefits for 2008. The Record indicates that the Social Security Administration found Plaintiff eligible for benefits retroactive to May 1, 2007. (Doc. 11-1 at 21). However, for reasons which will become clear, this is of no consequence.

[2] Plaintiff states in her Response, "I do not wish to reopen my disability case. I am happy with it." (Doc. 14 at 1). Consequently, all of Plaintiff's claims appear to relate to Plaintiff's waiver request which was dismissed.

## ANALYSIS

i.  Is Plaintiff's Suit Untimely?

Section 405(g) of Title 42 of the United States Code provides in pertinent part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The sixty day period referenced in Section 405(g) serves as a statute of limitations that "move[s] millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Commissioner interprets the term "mailing" to mean the date an individual receives notice of the Appeals Council's denial of request for review. 20 C.F.R. §§ 404.981, 422.210(c). Thus, a claimant must file a civil action in federal district court within 60 days after receiving the Appeals Council's notice. The date of receipt is presumed to be five days after the date that appears on such notice, unless a reasonable showing to the contrary is made. 20 C.F.R. §§ 404.901, 422.210(c).

Assuming, without deciding, that the decision of the Appeals Council dated June 19, 2009 constituted a "final decision," Plaintiff was required, pursuant to 42 U.S.C. § 405(g), to file suit challenging such decision no later

3

than August 24, 2009.[3] However, Plaintiff did not file her suit until May 27, 2010. Consequently, the Court concludes that Plaintiff's suit is untimely and, accordingly, is subject to dismissal. In light of this conclusion, the Court need not address Defendant's argument that Plaintiff failed to exhaust her administrative remedies.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 11) is GRANTED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 18th day of August, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[3] Plaintiff does not assert that she not timely receive a copy of the Notice of Appeals Council Action, nor does she allege any facts which would lead the Court to consider whether the sixty period provided for in 42 U.S.C. § 405(g) should be tolled. Consequently, the Court restricts its analysis, *supra,* to the application of 42 U.S.C. § 405(g).

4